4 U.S. 227
 4 Dall. 227
 1 L.Ed. 811
 Austyn
v.
M'Lure.
 Supreme Court of Pennsylvania.
 September Term, 1801
 
 1
 CASE, on a special assumpsit. The declaration contained three counts, of each of which the following is the substance.
 
 
 2
 1st Count. After stating that a controversy subsisted between the plaintiff, and one Rowson (a British merchant for whom the defendant was agent) that they had agreed to enter an amicable action and reference, in the Federal Circuit Court, and that the referees met on the 12th of January 1798; the declaration proceeds, that at the said meeting 'it was agreed between M'Lure and Austyn, that in consideration that the said Austyn would waive all objections to the referees proceeding to arbitrate between the said Rowson and Austyn, and would submit the matters in controversy between them to the said referees: as also in consideration of the said Austyn's having promised, on demand thereof made, to give security to pay to the said M'Lure whatever sum the said referees might award to be paid to the said Rowson, should the said referees decide the said controversy and dispute against the said Austyn, he the said M'Lure undertook, &c. that he would well and truly pay the said Austyn whatever sum of money the said referees might award to be due from the said Rowson to the said Austyn.' And the declaration then avers, 'that Austyn did waive all objections, &c. and always was ready to give to the said M'Lure the said security above mentioned, when he should be required by the said M'Lure. And that the referees awarded a balance of 1454 6/100 dollars to be due from Rowson to Austyn, &c.'
 
 
 3
 2d Count. After stating the agreement to arbitrate between Rowson and Austyn, the declaration proceeds, that 'in consideration that the said Austyn had at the request of the said M'Lure promised and undertook, when he should be thereunto required by the said M'Lure, to procure good and sufficient security for the performance of the award, which should be given by the said arbitrators, and for the payment of the sum which might be awarded against the said Austyn, the said M'Lure did on his part undertake, &c. to the said Austyn, to perform the said award on the part of the said Rowson, if it should be given against the said Rowson by the said arbitrators, and to pay to the said Austyn, when thereto lawfully required, whatever sum of money might be awarded to be due from the said Rowson to the said Austyn, &c.' The declaration then makes an averment of the sward as before; and 'that the said Austyn was always ready and prepared well, &c. to perform his said promise and undertaking, and to give good and sufficient security, when he should be thereto required, by the said M'Lure, &c.'
 
 
 4
 3d Count. After stating the same agreement to arbitrate, the declaration proceeds, 'that in consideration that the said Austyn would not object to the said referees proceeding to hear and determine the disputes and controversies aforesaid without delay, and in consideration that the said referees would so proceed without delay, the said M'Lure promised, &c. that he would perform the award of the referees, &c.' The declaration then avers, 'that Austyn did not object, &c. that the arbitrators proceeded without delay, &c. and made their award, &c.'
 
 
 5
 On the evidence, it appeared, that after the referees had met, more than once, Austyn (whose circumstances were considerably embarrassed) observed, 'that he wished to understand, in what situation he would be placed, if the award should be against Rowson; for, if it went against him, he was present to answer the demand; or, should he be thought insufficient, he was ready to produce satisfactory security to answer it.' M'Lure replied, that he was Rowson's agent, and stood in Rowson's place, or stead.' The referees understood, that Austyn's offer of security was meant, 'if it should be required by M'Lure,' who did not ask it, though he never waived it: and that M'Lure's declaration was meant, 'that he would himself be answerable in case the award was against Rowson.' The referees proceeded to hear and decide upon the case; and nothing further past between the parties on the subject of security. Austyn, however, it appeared, had applied to Mr. Gallaudet to be his surety, at some time, in 1797, or 1798, (the witness could not recollect when, nor what passed upon the occasion) and Mr. Gallaudet, having then funds of Austyn's in his hands, said, 'that he would have become the surety, if it had been then further requested.'
 
 
 6
 On these facts, the plaintiff's counsel (Ingersoll, Hallowell, and Todd) contended, that the special assumption of the defendant was proved; and that there was a good legal and equitable consideration to sustain it. In the course of the argument, they cited the following authorities. Cro. E. 543. 703. 1 Com. Dig. 199. 5 Mod. 411, 412. Cro. E. 67. 70. 3 Burr. 1666. 1 Com. Dig. 200. 1 Bac. Abr. 267. Com. Rep. 99. 12 Mod. 457. 1 Pow. Cont. 344.
 
 
 7
 The defendant's counsel (Dallas) contended, that whatever might be the impressions, or inferences, of the referees, the declaration of M'Lure did not, in itself, amount to an express assumpsit; that it was not a case, in which an implied assumpsit could be raised; that, at most, it was a mere gratuitous undertaking without any possible consideration, beneficial to M'Lure; a nudum pactum, on which no action could be maintained; and that the consideration was not proved by the evidence, as it was laid in the declaration. 2 Bl. Com. 445. 3 Bl. Com. 159. Bull. N. P. 147. Bulstr. 120. Dyer, 272. 2 Burr. 1666. Cro. E. 79. 2 Burr. 1671.
 
 
 8
 THE COURT.
 
 
 9
 The COURT delivered a charge to the jury, in which they stated, that the smallest spark of benefit, or accommodation, was sufficient to create a valid consideration for a promise; and intimated that their opinion was decidedly in favour of the plaintiff.[1]
 
 
 10
 Verdict, accordingly, for the plaintiff.
 
 
 
 [1]
 BRACKENRIDGE, Justice, seemed to dissent from the opinion ? ? the Court, with this remark: 'The English books say, that there must be a spark of consideration (though a single spark is enough) to maintain an action upon a promise: but, in this case, the Court have blown out the spark; and I cannot perceive, whence they get light sufficient to enable them to decide for the plaintiff.'